**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| AUSTIN BUMB and <br> JOSEPH DELISO, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED CREDIT AND COLLECTIONS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 4:20-CV-00106-SPM <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Attorney's Fees, Costs, and Disbursements. (Doc. 36). Defendants have filed an opposition (Doc. 41), and Plaintiffs have filed a reply. (Doc. 46). The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). (Doc. 13). For the following reasons, the motion will be granted in part and denied in part.

**I.   BACKGROUND**

On January 22, 2020, Plaintiffs Austin Bumb and Joseph DeLiso filed their initial Complaint in this action against Defendant United Credit & Collections, Inc., through counsel Boris Graypel, asserting several violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Doc. 1). Plaintiffs subsequently, with leave of Court, filed an amended complaint asserting one additional count under the FDCPA and seeking punitive damages and injunctive relief. (Doc. 25). Defendants moved to strike the prayer for punitive damages and injunctive relief, arguing that such relief was unavailable under the FDCPA. (Doc. 26). Plaintiffs responded by moving for leave to file a Second Amended Complaint that would have included a

–1–

count under the Missouri Merchandising Practices Act ("MMPA"), arguing that injunctive relief and damages are available under the MMPA and that the MMPA claim had been "inadvertently omitted" from the First Amended Complaint. (Doc. 30). Defendants opposed that motion, arguing that the proposed amendment was futile, brought in bad faith, and brought for a dilatory purpose. (Doc. 32).

Before the Court ruled on the motion for leave, Plaintiffs filed their Notice of Acceptance of Defendant's Offer of Judgment (Doc. 33). Judgment was entered in the amount of $2,002.00 in favor of Plaintiffs, with Defendants to pay Plaintiffs' reasonable court costs and reasonable legal expenses, including reasonable attorney's fees accrued in connection with Plaintiffs' prosecution of their claims against Defendant and in connection with preparing a fee petition. (Doc. 34).

In the instant motion, Plaintiffs seek attorney's fees in the amount of $21,340.00.[1] Defendant filed an opposition, asserting that the requested fees are grossly unreasonable and that the Court should use its authority to make downward adjustments to both Mr. Graypel's requested hourly rate and the number of hours requested. In his reply, Plaintiffs also seek fees for the time Plaintiffs' counsel spent preparing the Reply brief—an additional $910 in fees, for a total of $22,250.00.

## II.  LEGAL STANDARD

The FDCPA requires payment of costs and reasonable attorneys' fees to a successful plaintiff. 15 U.S.C. § 1692k(a)(3). "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In determining the overall reasonableness of an award of

---

[1] Plaintiff also seeks $485 in costs. However, costs were already awarded to Plaintiffs pursuant to the separately-filed Motion for Bill of Costs, which Defendant did not oppose. (Doc. 37, Doc. 45).

–2–

attorneys' fees, the Court may adjust this "lodestar" figure after considering twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney(s); (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Breeden v. Consumer Adjustment Co.*, No. 4:18-CV-01944 JAR, 2019 WL 1518185, at *1 (E.D. Mo. Apr. 8, 2019) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)) (limited by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)). The Court must exclude "hours that are excessive, redundant, or otherwise unnecessary." *El-Tabech v. Clarke*, 616 F.3d 834, 842 (8th Cir. 2010) (quoting *Hensley*, 461 U.S. at 434).

### III. DISCUSSION

In the motion and reply, Plaintiffs seek a total of $22,250.00 in attorney's fees, representing 69 hours of work performed by Mr. Graypel. Of those hours, 68 were billed at an attorney rate of $325.00 per hour, and one hour was billed at a paralegal rate of $150.00 per hour. Defendant challenges both the hourly rate and the number of hours spent, arguing that both are unreasonably high. Defendant requests that the Court reduce Mr. Graypel's hourly rate to $300 reduce the number of hours to 43, all billed at the attorney rate.

#### A. Plaintiffs' Counsel's Hourly Rate

The Court first addresses whether Mr. Graypel's hourly rate of $325 is reasonable. "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet*, 278 F.3d 819, 828-29 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1047 (8th Cir. 2001)). An attorney must "produce satisfactory evidence—in addition to the attorney's own affidavits—

–3–

that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (citing *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2004)).

Plaintiffs argue that Mr. Graypel's hourly rate of $325 per hour is reasonable and appropriate. They attach to their motion an affidavit stating that Mr. Graypel has been licensed to practice law since 2015 and describing his years of experience in consumer law cases (mostly FDCPA cases). They also cite cases from 2019 and mid-2020 in which Mr. Graypel's previous hourly rate of $300 per hour was approved by this Court, and they cite to the rates in a 2017-2018 U.S. Consumer Law Attorney Survey Report, which they assert show that Mr. Graypel's hourly rate is similar to that of attorneys with similar experience in this area. *See* Ronald Burge, United States Consumer Law Attorney Fee Survey Report 2017-2018, at 114-17 (Sept. 10, 2019), https://burdgelaw.com/wp-content/uploads/2019/10/US-Consumer-Law-Attorney-Fee-Survey-Report-2017-2018.pdf. Plaintiffs also argue that the questions presented in this case were difficult to address without thorough research, that successful litigation of this case required a skilled FDCPA practitioner, and that Plaintiff's counsel is very experienced in consumer litigation.

Defendant, on the other hand, argues that a $325 hourly rate is excessive for an attorney who has been licensed to practice for only five years. Defendant also argues that this rate is not supported by the cases or survey data Plaintiffs cite.

After considering Mr. Graypel's qualifications and experience, the rates listed in the United States Consumer Law Attorney Fee Survey Report, and the Court's own experience within the Eastern District of Missouri, the Court finds that a rate of $300 per hour for Mr. Graypel is reasonable. This rate places him above the average rate for attorneys with three to five years'

experience in the survey data he cites,[2] reflecting the fact that his years of experience are at the higher end of that range and reflecting that he has substantial experience in consumer law. It is also consistent with the rate that he has been awarded to Mr. Graypel as recently as May 2020. *See Breeden v. Med. Commercial Audit, Inc.*, No. 4:18CV1936 RLW, 2020 WL 2526916, at *4 (E.D. Mo. May 18, 2020).

### B. Number of Hours Reasonably Expended

Plaintiffs argue that the requested 69 hours were reasonably expended in light of the time and labor required to research and analyze Defendant's conduct, to draft detailed initial and amended pleadings, to respond to Defendant's motions, to conference with the Court, to attempt to schedule a corporate representative deposition, to draft and serve discovery, to respond to Defendant's deficient discovery responses, to evaluate Defendant's offer of judgment, and to prepare briefing on the fee request. Plaintiffs argue that Defendant had numerous opportunities to settle this matter earlier in the litigation and prevent the accrual of many of these fees, but unreasonably declined to do so.

Defendant argues that the request for attorney's fees is unreasonable for several reasons: that Plaintiffs' counsel seeks fees for administrative tasks that are not compensable under the statute; that the amount of time Plaintiff's counsel claims to have spent on legal work exceeds what is necessary for an attorney with his experience; that the time billed for certain tasks was

---

[2] The survey shows that the median hourly rate in St. Louis, Missouri for consumer law attorneys was $350 an hour (based on attorneys with a median years in practice of 14); that an attorney with 3 to 5 years of experience bills at an average rate of $275 per hour; and that an attorney with 6 to 10 years of experience bills at an average rate of $350 per hour. *See* Ronald Burge, United States Consumer Law Attorney Fee Survey Report 2017-2018, at 114-17 (Sept. 10, 2019), https://burdgelaw.com/wp-content/uploads/2019/10/US-Consumer-Law-Attorney-Fee-Survey-Report-2017-2018.pdf.Plaintiff asserts that this survey shows that the rate for consumer attorneys with between 5 and 6 years of practice falls just under $350 per hour; however, as Defendant points out, that assertion is not supported by the survey data.

duplicative; that Plaintiffs' counsel unreasonably billed for unnecessary work; and that some of Plaintiff's claims were meritless and brought in bad faith.

After careful review of the parties' briefs and the time records submitted by Mr. Graypel, and an analysis of the requirements of this case, the Court finds that a reduction in the amount of fees requested is warranted, from 69 hours to 55.6 hours.

First, the Court agrees with Defendant that Mr. Graypel improperly billed for several clerical tasks that are not compensable under the FDCPA: 0.8 hours for "preparation of Appearance of Counsel, Notice of Process Server, Original Filing Form, Civil Cover Sheet, and Civil Summons Form; filing of same, with Complaint" (billed at a rate of $150 per hour); 0.2 hours for "correspondence to process server retaining services for this matter and instruction for same" (billed at a rate of $150 per hour); and 1.6 hours for tasks such as correspondence with a court reporter, filing of a document, service of a pleading, and changing the date of a notice of deposition (billed at a rate of $325 per hour). *See* Def.'s Ex. 1, Doc. 41-1. As Defendant points out, courts in this district have previously found similar tasks to be non-compensable under the FDCPA. *See Breeden v. Med. Commercial Audit, Inc.*, No. 4:18CV1936 RLW, 2020 WL 2526916, at *2 (E.D. Mo. May 18, 2020) (finding non-compensable 2.3 hours spent preparing a notice of process server, appearance of counsel, summons, and civil cover sheet forms; filing court documents; and docketing case deadlines; stating, "[t]hese are secretarial or clerical tasks, which are not compensable") (citing *Murray v. Collections Acquisitions, LLC,* No. 8:11CV301, 2012 WL 2577211, at *2 (D. Neb. July 3, 2012)); *Allerdissen v. Med. Commercial Audit, Inc.*, No. 4:19-CV-01291-JAR, 2019 WL 7282476, at *2 (E.D. Mo. Dec. 26, 2019) (finding non-compensable 2.6 hours spent on similar tasks because they were secretarial or clerical) (citing *Ladd v. Pickering*, 783 F. Supp. 2d 1079, 1094 (E.D. Mo. 2011)). Plaintiff provides no response to this argument. As in the cases cited by Defendant, the Court finds these tasks non-compensable, and it will exclude

–6–

these 2.6 hours from Plaintiffs' fee award.

The Court also agrees with Defendant that the time Mr. Graypel spent preparing the Complaint was excessive, in light of his extensive experience with consumer lawsuits and FDCPA cases. Mr. Graypel billed 6.6 hours prior to drafting the Complaint, and 5.6 hours drafting it. In two other recent cases, judges have found similar charges unreasonable and have reduced Mr. Graypel's requested fees in association with preparation of a complaint. *See Allerdissen v. Med. Commercial Audit, Inc.*, No. 4:19-CV-01291-JAR, 2019 WL 7282476, at *2 (E.D. Mo. Dec. 26, 2019) (reducing fees in association with preparation of Complaint from 6.8 to 4 hours ); *Breeden v. Med. Commercial Audit, Inc.*, No. 4:18CV1936 RLW, 2020 WL 2526916, at *2 (E.D. Mo. May 18, 2020) (reducing Mr. Graypel's requested fees in association with preparation of the Complaint from 5.5 to 2.2 hours in light of Graypel's "extensive experience with FDCPA cases"). Although Defendant raises this argument and cites these cases, Plaintiff offers no specific response to this argument and does not attempt to distinguish the instant case from those cases. The Court will reduce the fees associated with drafting the complaint from 5.6 hours to 3.6 hours.

The Court also finds that some of the hours charged appear to have been excessive and duplicative. Mr. Graypel spent 2.4 hours drafting a memorandum "outlining points and cases supportive of Plaintiffs' position in discovery dispute" in preparation for a July 28, 2020 conference call with opposing counsel regarding discovery concerns. But as Defendant notes, earlier in July, Mr. Graypel had billed 6.6 hours for researching issues related to, and drafting, "good faith" discovery demands. After review of the record, the Court finds that the 2.4 hours spent preparing for this conference call were excessive and will reduce the amount from 2.4 hours to 1 hour.

The Court also finds that the 3.2 hours Mr. Graypel billed for preparing his fee application were excessive. As Defendant points out, the 15-page memorandum submitted in this case is

largely identical to the memoranda filed in two prior cases, *Allerdissen v. Med. Commercial Audit, Inc.*, No. 4:19-CV-01291-JAR, Doc. 20-1 (E.D. Mo. Sept. 27, 2019), and *Breeden v. Med. Commercial Audit, Inc.*, No. 4:18CV1936 RLW, Doc. 25-1 (E.D. Mo. Oct. 1, 2019), with the only major changes being a revised procedural history and updated rates from the Consumer Law Fee Survey Report. The Court will reduce the compensable time for preparing this memorandum from 3.2 hours to 2.0 hours.

In addition, the Court finds that the 2.2 hours Mr. Graypel billed between May 19 and May 21, 2020 that were related to Plaintiffs' decision to oppose Defendant's motion for a 20-day extension of time to file discovery responses (unless Defendant agreed to Plaintiffs' demand to schedule an in-person deposition within a particular time frame, despite the ongoing COVID-19 pandemic) were unreasonable and unnecessary. As the Court found in a prior order, Plaintiff's objection to this routine request was "not based on any facts that warrant[ed] denial of Defendant's motion" (Doc. 22, at p. 2). The Court finds these 2.2 hours were not reasonably expended.

The Court also finds excessive and unreasonable the time Mr. Graypel counsel spent that was related to drafting the First and Second Amended Complaints and responding to Defendant's motions regarding same. The Court agrees with Defendant that the merits of the new claim in these pleadings were highly questionable, as Defendant argued in its motion to strike the First Amended Complaint and its opposition to the motion for leave to file the Second Amended Complaint. Moreover, the manner in which Plaintiffs drafted these amended pleadings created unnecessary work and fees for both Plaintiffs and Defendant. In the First Amended Complaint, Plaintiff amended his complaint to include a request for injunctive relief and punitive damages, but failed to include any claims that permitted such damages, requiring Defendant to file a motion to strike that prayer for that relief and causing Plaintiffs to respond. Indeed, Plaintiffs implicitly acknowledged the deficiency in their pleading, when their only response to the motion to strike

–8–

was to argue that such relief was available under the MMPA, to state that the MMPA claim had been "inadvertently omitted" from the first amended complaint, and to seek leave to file a second amended complaint that did include an MMPA claim (which Defendant opposed). The Court will reduce the fees sought related to the First and Second Amended Complaints, and related matters, which include at least 6.4 hours of billed work, by 4 hours.

Finally, the Court will not award any fees for the preparation of the reply brief, which was largely unresponsive to the specific arguments raised in Defendant's opposition.

For all of the above reasons, the Court will award Plaintiff finds that the hours reasonably expended in this case should be reduced by 13.4 hours and by the amount sought for preparation of the reply brief, resulting in a total number of hours reasonably expended of 55.6, all to be billed at the attorney rate of $300 per hour.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs are entitled to recover fees for 55.6 hours worked at a rate of $300 per hour, for a total of $16,680. This is in addition to the $485 in costs already awarded. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorney's Fees, Costs, and Disbursements. (Doc. 36) is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff is awarded $16,680 in attorney's fees.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of February, 2021.